JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3811
ahealey@jonesday.com

**VIA ECF**                                                February 28, 2025

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re: United States, et al. v. Live Nation Entertainment, Inc., et al., No. 1:24-cv-03973

Dear Judge Subramanian:

Circuit of the Americas LLC ("COTA") submits this response in opposition to Non-Parties Skot Heckman's, *et al*. ("Heckman Plaintiffs") February 18, 2025 Motion to Intervene and to Amend the Protective Order (the "Motion"). *See* ECF 424.

## I. PRELIMINARY STATEMENT

On November 15, 2024, the Court entered an Amended Protective Order (the "Protective Order") after finding that "good cause exist[ed]." *See* ECF 347. The Protective Order was entered to maintain the confidentiality of trade secrets and other confidential and proprietary business information, including productions of non-parties through third party discovery. *See* Protective Order, at ¶¶ 1-3. In response to a subpoena by Plaintiffs, COTA produced documents containing confidential, proprietary cost and pricing information, confidential contract terms and negotiations, and other confidential, proprietary information, and, in good faith, COTA produced these documents in reliance on the protections offered by the Protective Order.

The Court should deny the Heckman Plaintiffs' Motion for two main reasons. *First*, the Heckman Plaintiffs fail to demonstrate that they have a claim or defense that shares with the main action a common question of fact or law. *Second*, in this Circuit, there is a strong presumption **against** the relief the Heckman Plaintiffs seek, and the Heckman Plaintiffs have failed to present any extraordinary or compelling need that would entitle them to the relief they seek.[1]

## II. THE MOTION TO INTERVENE SHOULD BE DENIED.

The Heckman Plaintiffs' Motion does not satisfy the Rule 24(b) requirements for intervention. Rule 24(b)(1) allows intervention by a party that "has a claim or defense that shares with the main action a common question of fact or law." Rule 24(b)(3) states that, "the court must consider whether the requested intervention will unduly delay or prejudice . . . ."

Here, the Heckman Plaintiffs have failed to show that they have a claim or defense that shares a common question of fact or law with the main action. The Heckman Plaintiffs argue that

---

[1] Even if the Court finds that COTA was not entitled to reasonably rely on the Protective Order, it should still deny the Motion. *Int'l Equity Invs*., 2010 WL 779314, at *9 (no presumption in favor of modification arises; courts must balance "the [p]arties' interests, the reasonableness of their reliance . . . the order itself, and intervenor's purpose").

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

they satisfy this standard because their case is also based of "predatory and exclusionary conduct to monopolize the relevant markets for primary and secondary services for major concert venues." Motion at 1. However, the Heckman Plaintiffs fail to show that a common question of the same facts or law exists. *See, e.g.*, *Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, 312 F.Supp.3d 413, 416 (S.D.N.Y. 2018) ("there are no allegations that the . . . publications at issue are <u>the same,</u> that the photographs are <u>the same,</u> that the licenses are <u>the same,</u> or that there are licensing agents who are <u>the same</u>." (emphasis added)). The Heckman Plaintiffs' allegations amount to little more than vague assertions that similar patterns of conduct allegedly existed—not that these actions share a common question of fact or law. Moreover, the two cases are different—one is a government action related to market and industry facts and focused on statutory and state antitrust violations, while the other is a class action related to consumer claims to recovery ticket fees.

### III.    THE MOTION TO MODIFY THE PROTECTIVE ORDER SHOULD BE DENIED.

Even if the Heckman Plaintiffs were permitted to intervene, they still lack sufficient grounds to modify the Protective Order. *See In re EPDM*, 255 F.R.D. at 314 ("[The] decision to allow a party to intervene for the limited purpose of modifying a protective order does not automatically mean the court will grant the motion to modify the protective order.").

#### A.    COTA REASONABLY RELIED ON THE PROTECTIVE ORDER.

The Second Circuit maintains a "strong presumption ***against*** the modification of a protective order." *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011) (emphasis added).[2] The Heckman Plaintiffs' argument that there was no reasonable reliance—and thus no presumption against modification—fails. When determining whether a party reasonably relied on a protective order, courts consider: (1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order. *Int'l Equity Inv. v. Opportunity Equity Partners Ltd.*, No. 05 CIV. 2745, 2010 WL 779314, at *4 (S.D.N.Y. Mar. 2, 2010), *aff'd*, 415 F. App'x 286 (2d Cir. 2011).

*First*, the limited scope of the Protective Order supports a finding of reasonable reliance. Parties using a targeted protective order have a greater expectation that their order will not be modified. *See In re EPDM*, 255 F.R.D. at 319. The Protective Order is limited in both material covered and the time period in which it will give certain documents confidential consideration. The Protective Order states that only specific types of documents may be designated as "Highly Confidential", including trade secrets, strategic business planning information, confidential contractual terms, etc. *See* Protective Order, at ¶ 2; *compare Int'l Equity Invs.*, 2010 WL 779314, at *5 ("had free reign to designate confidential any and all documents . . .'" and was "not focused

---

[2] *See also S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001) ("presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied"); *Med. Diagnostic Imaging, PLLC v. Carecore Nat'l, LLC*, Nos. 06 CIV. 07764; 06 Civ. 13516, 2009 WL 2135294, at *1 (S.D.N.Y. July 16, 2009) ("[I]n this Circuit, there is a stringent standard that must be met in order for a third-party to secure modification of [a protective order]."). "Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order . . . absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." *TheStreet.com*, 273 F.3d at 229.

on any narrow set of materials" (citation omitted)). Further, the Protective Order specifies that "material that is more than three (3) years old at the time of production is presumptively not entitled to protection as Highly Confidential Information," limiting its scope. Protective Order, at ¶ 2. *Second*, the language of the Protective Order itself weighs in favor of reasonable reliance. Indeed, COTA relied on two key provisions when it entered into the Protective Order: (1) the provision limiting the use of confidential information to ***this*** case, and (2) the Protective Order "survive[s] the termination of the litigation." *See* Protective Order, at ¶¶ 1, 19; *see Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F.Supp.3d 83, 121 (S.D.N.Y. 2015) (parties were justified in believing that a protective order would not be modified for purposes external to the lawsuit in which it was entered); *Med. Diagnostic Imaging*, 2009 WL 2135294, at *3 (upholding the parties' intent and language in the protective order to preclude the dissemination of outside the litigation). *Third*, the level of inquiry the court undertook before granting the order weighs in favor of COTA. The terms of the Protective Order in this matter were negotiated and were also the subject of hearings before this Court (on or around Oct. 29, 2024 and Nov. 8, 2024). *See Arcesium LLC v. Advent Software, Inc.*, No. 1:20-CV-904389, 2022 WL 621973, at *5 (S.D.N.Y. Mar. 3, 2022) (a protective order granted after hearing of good cause caries more weight than one by stipulation). *Fourth*, the nature of COTA's reliance on the Protective Order further demonstrates that the presumption against modification should apply. Reasonable reliance is gauged by "the extent to which the order induced the party to allow discovery or to settle the case." *In re EPDM*, 255 F.R.D. at 322. In reliance of the Protective Order, COTA produced documents containing confidential, proprietary cost and pricing information, business strategy, contract terms and negotiations, and similar.

All four reasonable reliance factors weigh in COTA's favor, and the strong presumption against modification applies. The Heckman Plaintiffs must demonstrate an extraordinary circumstance or other compelling need to overcome it and justify their requested modification. *See Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979).

### B.   NO EXTRAORDINARY CIRCUMSTANCE OR COMPELLING NEED.

The Heckman Plaintiffs have failed to point to an extraordinary circumstance or compelling need to justify modification. To the extent the Heckman Plaintiffs argue that modification is necessary to prevent duplicate discovery, the Second Circuit has repeatedly found this to fall short of constituting an "extraordinary circumstance" or "compelling need." *See Med. Diagnostic Imaging*, 2009 WL 2135294, at *2; *see also Maryland Cas. Co. v. W.R. Grace & Co.*, No. 83 Civ. 7451, 1994 WL 419787, at *3 (S.D.N.Y. Aug. 10, 1994) (". . .avoiding duplicative discovery . . . hardly amount[s] to extraordinary circumstances or compelling need.").

For the foregoing reasons, COTA respectfully requests that this Court deny the Motion.

JONES DAY

Respectfully submitted,

Aaron M. Healey

Katie L. Wall (*Pro hac vice forthcoming*)
JONES DAY
2727 N. Harwood Street
Dallas, TX 75201
Tel: 1.214.969.4576

*Counsel for Circuit of the Americas LLC*