# Exhibit 18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA et al.,

    *Plaintiffs*,

    v.

LIVE NATION ENTERTAINMENT, INC., and
TICKETMASTER L.L.C.,

    *Defendants*.

Civil No. 1:24–cv–3973-AS

**Joint Proposed *Voir Dire***

Good morning, Members of the Jury. We are here to select a jury in a civil case called *United States of America et al. v. Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* I am Judge Subramanian, and I will be presiding over this trial.

[Deleted: ladies and gentlemen]

I am going to ask you a series of questions to help the Court and the attorneys in the jury selection process. Before I ask any questions, I am going to ask the Deputy Clerk to swear the jury panel to answer my questions truthfully. (To Deputy, Please swear the panel).

If you answer "yes" to any of the questions that I ask, please raise your hand, and, when recognized by me, please stand, state your name, and your juror number. At the end of the questions, if you answered "yes" to one or more of my questions, I may ask you to approach the bench to discuss your answers with the attorneys and me.

1. The presentation of evidence in this case is expected to take five weeks, but jury deliberations could extend your service beyond that. I expect we will go to about 5 p.m. today. The remainder of the week we will go from 9 a.m. to 3 p.m., with one short break from approximately 11:30 a.m. to noon. Does the schedule that I have just mentioned present a special problem for you?

2. This is a civil antitrust case. The Plaintiffs are the United States government, 39 individual states, and the District of Columbia. The Defendants are Live Nation Entertainment, Inc. and its wholly-owned subsidiary Ticketmaster L.L.C. Plaintiffs assert claims under federal antitrust laws and a number of state laws. Plaintiffs claim Defendants engaged in alleged anticompetitive conduct in a number of different alleged markets. Defendants contend Plaintiffs' claims are unfounded, their markets are improperly drawn and Defendants assert that their conduct is procompetitive. Before coming to court today, had you heard or read anything about this case or any legal disputes between Live Nation or

[Deleted: deny those claims]

1

   Ticketmaster and the Plaintiffs?

3.  The lawyers, law firms, and government agencies involved in this case are:[ ] Do you or someone close to you, such as spouse, child, parent, or sibling, know any of the attorneys, law firms, or government agencies I have just named?  **Deleted:** your immediate families

4.  Have you or someone close to you had any business dealings with, or been employed by, any of these attorneys, law firms, or government agencies?  **Deleted:** your immediate families

5.  Have you or someone close to you ever been employed by Live Nation or Ticketmaster?  **Deleted:** your immediate families

6.  Have you or someone close to you ever had a business relationship with Live Nation or Ticketmaster, other than purchasing a ticket through Ticketmaster or attending an event promoted or hosted by Live Nation?  **Deleted:** your immediate families

7.  Have you ever purchased a ticket using Ticketmaster?

8.  Have you ever attended an event promoted or hosted by Live Nation?

9.  Have you ever owned stock in Live Nation or Ticketmaster, other than through a mutual fund or other diversified investment?  **Deleted:** 7

10.  Have you or someone close to you been employed by the federal government, or by a law enforcement or regulatory agency?  **Deleted:** 8  **Deleted:** a  **Deleted:** family member

11.  Have you or someone close to you had any experience, good or bad, with the federal government or state government that might affect your ability to be a fair and impartial juror in this case?  **Deleted:** 9  **Deleted:** your immediate families  **Deleted:** prevent you from being

12.  Have you or someone close to you ever had any experience, good or bad, with Live Nation or Ticketmaster that might affect your ability to be a fair and impartial juror in this case?  **Deleted:** 10  **Deleted:** your immediate families  **Deleted:** keep you from being

13.  Do you have any opinions, positive or negative, about Live Nation or Ticketmaster that might affect your ability to be a fair and impartial juror in this case?  **Deleted:** 11  **Deleted:** possess  **Deleted:** keep you from being

14.  Do you have any strong opinions, positive or negative, toward large corporations in general?  **Deleted:** 12

15.  Do you have any strong opinions, positive or negative, about the federal government or state government that might affect your ability to be a fair and impartial juror in this case?  **Deleted:** 13.  Do you have strong opinions, either positive or negative, about antitrust laws to protect competition by regulating monopolies and restraints of trade?¶
14…  **Deleted:** keep you from being

16. Do you have any education, training, or work experience in any of the following: the live entertainment industry; economics; statistics; accounting, finance or banking; marketing or sales; promotions or ticket sales; media or communications; computers or software; law or the courts?

17. How often do you attend ticketed live entertainment events (including sports, concerts, arts & theater, festivals, family shows, and/or specialized events)?

18. Have you ever been employed in the live entertainment industry?

19. If you attend live entertainment events, how often do you purchase your own tickets to these events?

20. How familiar are you with primary ticketing websites or apps (such as Ticketmaster, AXS, SeatGeek, Etix, etc.)?

21. How familiar are you with resale ticketing websites or apps (such as StubHub, SeatGeek, Vivid Seats, etc.)?

22. Do you have any feelings about courts or lawsuits that would affect your ability to be a fair and impartial juror in this case?

23. Have you or someone close to you ever been involved in a lawsuit or claim, or been a witness in a lawsuit or claim?

24. The potential witnesses in this case are: [ ]. Do you know any of the potential witnesses I have just named?

25. Have you ever served on a jury?

26. Have you ever had an experience with the legal system that might affect your ability to be a fair and impartial juror in this case?

27. If you are selected to sit as a juror in this case, are you aware of any reason why you would be unable to render a verdict based solely on the evidence presented at trial?

28. If you are selected to sit as a juror in this case, are you aware of any reason why you would not be able to follow the law as I give it to you?

29. Is there anything, such as poor vision, difficulty hearing, or difficulty understanding spoken or written English, that would make it difficult for you to serve on this jury?

30. Is there anything else, including something you have remembered in connection with one of the earlier questions, that you think you would like to tell me in

3

connection with your service as a juror in this case?

**Plaintiffs' Position:** Plaintiffs have proposed relatively minor edits to Defendants' voir dire questions to (i) ensure they can be answered yes or no in the first instance, (ii) clarify their scope with respect to "immediate family members" versus someone "close to" the prospective juror, (iii) remove questions unlikely to yield materially useful information, and (iv) elicit limited additional information potentially relevant to juror selection.

**Defendants' Position**

Defendants' version of the proposed voir dire should be adopted by the Court for the following reasons:

*First*, Defendants' Question 7 ("Have you ever purchased a ticket using Ticketmaster?") is a critical screen for bias. To avoid prejudice to Defendants, it is necessary that jurors' decision-making is not driven by a desire to award damages to themselves or persons they know. *See Tumey v. Ohio*, 273 U.S. 510, 522 (1927) (explaining decisionmakers should not have an "interest in the controversy to be decided"); *United States v. Delatorre*, 572 F. Supp. 2d 967, 989 (N.D. Ill. 2008) (juror bias is presumed where juror "has a financial interest in the outcome of the case"). If Plaintiff States object to making clear to jurors that they are not deciding their own damages, Defendants object to including any person on the jury who purchased a concert ticket from Ticketmaster. Such persons may think that they are deciding their own damages, raising the possibility of severe bias against Defendants. Defendants' Question 7 is thus of critical importance to understand which potential jurors could be subject to this severe bias against Defendants.

*Second*, Defendants' voir dire asks potential jurors several questions about "you or someone close to you", whereas Plaintiffs ask only questions about "you or your immediate families". *See* Defendants' Questions 3, 4, 5, 6, 10, 11, 12. The term "immediate family" is ambiguous and potential jurors may not subscribe the same meaning to that term. It is also overly narrow and may not encompass modern relationships that could give rise to potential biases for potential jurors.

*Third*, Defendants' voir dire asks potential jurors about information that "might affect your ability to be a fair and impartial juror in this case" whereas Plaintiffs ask only whether the same information would "prevent" or "keep you from being a fair and impartial juror in this case". *See* Defendants' Questions 11, 12, 13, 15, 22, 26. Defendants' formulation is better poised to " expos[e] possible biases, both known and unknown, on the part of potential jurors." *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 554 (1984). Plaintiffs' formulation is ambiguous and would leave potential jurors wondering whether a given piece of information rises to the level of necessary disclosure.

*Fourth*, Plaintiffs' Question 13 (opinions "about antitrust laws to protect competition by regulating monopolies and restraints of trade") is ambiguous and assumes jurors have an understanding of terms like "antitrust laws," "monopolies," and "restraints of trade." More importantly, it is not aimed at determining whether a potential juror can be fair and impartial but rather to precondition the jury about Plaintiffs' view of the case.

4

*Fifth*, Plaintiffs omit several questions that are necessary to inquire as to bias:

- Defendants' Question 8 is important to screen jurors for potential bias as a result of having attended an event promoted or hosted by Live Nation.

- Defendants' Questions 17 and 19 are important to screen jurors for potential bias as a result of their experiences with the live entertainment industry.

Finally, Defendants' request that the Court adopt Defendants' version of the following questions: Defendants' Questions 20 and 21 because they are more informative of jurors' experiences with ticketing platforms and potential bias as a result; and Question 23 because it is more informative of jurors' experiences with the law/courts and potential bias as a result.

5